UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL ALLMOND,
    Plaintiff,

vs

DAWN FREDERICK, et al.,
    Defendants.

Case No. 1:13-cv-680

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Dawn Frederick, K. Parker, M. Stunebeck, C. Davis, and D. Morgan. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff alleges that on January 24, 2013, he was "given a bogus ticket" shortly after being transferred from a 4B to 4A security level at SOCF. (Doc. 1, Complaint p. 5). He claims

2

that he waited in administrative segregation for a Rules Infraction Board (RIB) hearing for five days before being released with no RIB conviction. *Id.* Immediately upon his release, plaintiff alleges that correctional officer Holman and defendant unit manager Stunebeck placed him back in administrative segregation pending a security control investigation. *Id.* Defendant Frederick allegedly provided no papers for him to sign and gave no indication that he "was facing a 4B" security level designation. Plaintiff further alleges that defendants Parker, Stunebeck and Frederick denied him notice of any hearing, lied on documents, and ultimately denied him a security level placement hearing. *Id.* at 6. Plaintiff indicates that he successfully appealed his security level designation. *Id.* However, according to plaintiff, defendants Davis and Morgan refused to honor the successful appeal and alter his security level designation. *Id.*

For relief, plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

To the extent that plaintiff alleges a due process violation in connection with his security status, this claim should be dismissed because plaintiff fails to allege facts showing that any defendant's actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his security status resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of*

3

*America*, 5 F. App'x. 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to the level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey*, 111 F.3d at 463 (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim.

To the extent that plaintiff complains about the failure of prison staff to provide him with inmate grievance forms and other deficiencies in the inmate grievance procedure at SOCF, the complaint fails to state a claim for which relief may be granted because plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Dearing v. Mahalma*, 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11-cv-362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Report and Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional

4

right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011); *see also Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000). Accordingly, these claims must also be dismissed.

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/18/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL ALLMOND,
    Plaintiff,

vs

DAWN FREDERICK, et al.,
    Defendants.

Case No. 1:13-cv-680

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).